**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Patrick Beath**
Municipal Attorney

February 16, 2018

BY ECF
Hon. Michael A. Telesca
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

    Re:  *Quintin Keene v. City of Rochester, et al.*, 17-cv-06708 (MAT)

Your Honor:

    I write to bring to your attention the February 14, 2018 decision of Judge Larimer in the matter of *Dwayne Ivery v. Alexander C. Baldauf, et al.*, 14-cv-6041L, 2018 U.S. Dist. LEXIS 24372 (W.D.N.Y. Feb. 14, 2018) which further demonstrates that the *Monell* claims in the instant matter are not plausibly pleaded.[1]

    Here, in the First Amended Complaint ("FAC"), plaintiff alleges, at paragraphs 235 to 242, that the allegations made against Officers Baldauf and Harris in the *Ivery* matter support a purported pattern of misconduct to which the City has been deliberately indifferent, thereby giving rise to *Monell* liability.  Yet in sharp contrast to the allegations in the FAC, Judge Larimer's *Ivery* decision <u>dismisses</u> all claims against Officer Harris.[2]  Further, Judge Larimer found no evidence, after full discovery, of the City's deliberate indifference to any pattern or practice of police misconduct and, therefore, dismissed the *Monell* claims.  In reaching this decision, Judge Larimer reasoned:

> In support of his [*Monell*] claims, plaintiff asserts that the RPD has failed to investigate past cases of excessive force. In support of that allegation, plaintiff has cited several actions brought in this Court. The records in none of those cases support plaintiff's claims here.
>
> In *Turner v. City of Rochester*, 11-CV-6200, the parties settled the action before trial.  There was no admission of liability or wrongdoing by either side. The same is true of *Libbett v. City of Rochester*, 12-CV-6697. In *Jones v. City of Rochester*, 12-CV-6082, a jury returned a verdict in favor of the four individual

---

[1] Judge Larimer's *Ivery* decision came out one day after defendants here filed their reply memorandum of law in support of the pending motion for partial dismissal.

[2] Because of fact disputes, the false arrest and excessive force claims against Officer Baldauf in the *Ivery* matter will proceed to trial.

>RPD officer defendants. The other cases cited by plaintiff are similar, and do not indicate that defendants turned a blind eye to past alleged uses of excessive force by RPD officers.
>
>In short, plaintiff has cited a handful of past cases in which similar allegations were made, but never proved. As recently stated by another district court from this circuit, "a plaintiff's citation to a few lawsuits involving claims of alleged [constitutional violations] is not probative of the existence of an underlying policy by a municipality." *Harris v. City of Newburgh*, No. 16-CV-2731, 2017 WL 4334141, at *5 (S.D.N.Y. Sept. 27, 2017) (citing cases).

Here, plaintiff proceeds on the same deliberate indifference theory of liability, which fails for the reasons set forth in defendants' motion, and as articulated by Judge Larimer in the *Ivery* decision.[3]

Sincerely,

/s/

Patrick Beath
Municipal Attorney

Enc.

C:   Elliot Dolby-Shields, Esq. (By ECF)

---

[3] That *Ivery* was a summary judgment decision does not change this analysis—rather, it strengthens it. In *Ivery*, the plaintiff had every opportunity to muster facts and evidence to demonstrate a purported pattern of misconduct beyond mere allegations. The plaintiff failed to do that. This only underscores that a *Monell* claim should not be allowed to proceed upon mere unsubstantiated allegations of misconduct.