# ROTH & ROTH, LLP

ATTORNEYS AT LAW
192 Lexington Avenue, Suite 802
New York, New York 10016
T: (212) 425-1020 F: (212) 532-3801

February 20, 2018

**VIA ECF**
Hon. Michael A. Telesca
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

    Re:   *Keene v. City Of Rochester, et al.*
            17-CV-6708 (MAT)

Dear Honorable Judge Geraci:

    Please recall that I represent plaintiff Quintin Keene in the above reference matter. I write in response to defendants' February 16, 2018 letter regarding Judge Larimer's February 14, 2018 Decision and Order on defendant's motion for summary judgment in *Ivery* v. *Baldauf, et al.*, 14-cv-6041L (WDNY Feb. 14, 2016), which dismissed the *Monell* claim in that matter, but permitted the excessive force and false arrest claims to proceed to trial.

    Initially, plaintiff objects to defendants' letter because it does not simply direct the Court to new case law, but instead adds arguments in support of their underlying motion to dismiss, and thus amounts to a supplemental affirmation and/or sur-reply. Ordinarily, if new case law comes down after a motion has been fully briefed, a party will send a short cover letter enclosing the case and informing the court the party believes the new case is relevant to the Court's analysis, but will not make additional arguments in said cover letter. Because defendants' letter includes argument as to why they believe the summary judgment decision in *Ivery* changes the Court's analysis on the motion to dismiss in this case, it amounts to a sur-reply, and they were required to request permission to file said letter under Western District of New York Local Rule 7(a)(6). Plaintiff respectfully submits that, pursuant to Local Rule 7(a)(6), Your Honor should disregard defendants' improper letter in its entirety for failure to seek leave of court; however, if Your Honor is inclined to consider the new arguments in defendants' letter, plaintiff respectfully requests permission to file the instant letter in response to defendants' new arguments.

    Defendants have made a pre-answer motion to dismiss in this case, while the decision in *Ivery* concerned defendants' post-discovery motion for summary judgment. Defendants claim the decision granting summary judgment on the *Monell* claim in *Ivery* supports their motion to dismiss the *Monell* claims in plaintiff's Amended Complaint in this case. Defendants argument fails for several reasons.

First, defendants claim that plaintiff will get no more discovery on his *Monell* claims in this case than what the plaintiff in *Ivery* received on his *Monell* claims. (Defendants' Feb. 16, 2018 letter, note 2). However, Ivery's opposition to the City's motion for summary judgment demonstrates that he did not obtain any *Monell* discovery in that case. *See* Doc. No. 31, *Ivery* v. *Baldauf*, 14-cv-06041-DGL-JWF, Answering Affidavit. In his Answering Affidavit, which included plaintiff's counterstatement of facts, Ivery dedicated only one paragraph to his *Monell* claim, which simply alleged—without any factual support—that officers sued in five other excessive force lawsuits were not investigated or disciplined by the City or RPD. *Id*. at ¶ 50.[1] The plaintiff in *Ivery* did not discuss any deposition testimony or documentary evidence obtained in discovery in support of his *Monell* claim, but he did discuss the evidence obtained in support of his other claims at length. *Id*. Thus, it is disingenuous for defendants to claim that the *Monell* discovery obtained by the plaintiff in *Ivery* demonstrates that *Monell* discovery in this case should be futile, because the plaintiff in *Ivery* did not obtain any *Monell* discovery—and plaintiff in this case intends to obtain *Monell* discovery.[2]

Second, defendants' arguments fail because the legal standard applicable to defendants' motion to dismiss in this case is completely different than the legal standard Judge Larimer applied to the Rule 56 summary judgment motion in the *Ivery*. As Judge Larimer noted in the *Ivery* decision, on a motion to dismiss, where the complaint states a facially valid claim, plaintiff

---

[1] That one paragraph states,

> The City of Rochester and its Police Department have failed to investigate, suspend, terminate and/or reprimand police officers in excessive force cases which are not presented through the internal complaint process but rather, presented through litigation against Defendant City of Rochester and its police officers in the Western District of New York. This occurred in the cases of Robinn Turner v. City of Rochester, 11-CV-6200L, Alesha Jones et. al. v. City of Rochester et al., 12-CV-6082L, Theodore E. Loria v. City of Rochester et al., 12-CV-6229, Zachary Adams v. City of Rochester, et. al., 12-CV-06237 and Cardell Libbett v. City of Rochester, et. al., 12-CV-6697. It is respectfully submitted that the City of Rochester and the Rochester Police Department's failure to investigate, suspend, terminate and/or reprimand police officers in such excessive force cases, including Plaintiffs, condones such behavior, promotes a policy, custom and practice of deliberate indifference which allows its police officers to escape liability and accountability for unlawful excessive force and/or misconduct and allows it to continue.

Answering Affirmation ¶ 50.

[2] Defendants' argument is particularly disingenuous because plaintiff's Amended Complaint pleaded many more facts in support of his *Monell* claims than the plaintiff in *Ivery* presented in his opposition to defendants' motion for summary judgment. Doc. No. 16, Amended Complaint ¶¶ 189–265.

can overcome the motion "simply by resting on the allegations of his complaint; in contrast, to defeat a motion for summary judgment, the plaintiff 'must come forward with concrete evidence from which a reasonable juror could return a verdict in his favor.'" (*See Ivery* SJ Decision, Exhibit "A" to defendants letter, at 16-17 [*quoting Houston* v. *Zen Zen*, 388 F.Supp.2d 172, 175 (W.D.N.Y. 2005][other internal quotation omitted]).

Notably, however, the Court denied defendants' summary judgment motion on Ivery's excessive force claim. The discovery on Ivery's excessive force claim against Baldauf, which he cited in his opposition to defendants' summary judgment motion, corroborates the facts pleaded in the Amended Complaint in this case in support of plaintiff's *Monell* claims. (*Compare* Doc. No. 5, Amended Complaint ¶¶ 235–242, to Doc. No. 31, Exhibit B, *Ivery* v. *Baldauf*, 14-cv-06041-DGL-JWF, Excerpts from Baldauf's Deposition [hereinafter "Baldauf Dep"]). In support of his *Monell* claims, which are based on a failure to discipline theory of deliberate indifference, plaintiff's Amended Complaint pleaded details of Baldauf's use of force against Ivery, that Baldauf's use of force against Ivery was captured on video, and that the City and RPD failed to discipline Baldauf for his use of force against Ivery, which encouraged him to use excessive force against subsequent arrestees, including Delmar Lipford. ¶¶ 235–242. Similarly, as noted in Ivery's Answering Affirmation, Bauldauf testified at his deposition that during the interaction with Mr. Ivery, Ivery did not throw any punches or kicks (Baldauf Dep. at 72:12-16; 79:9-11), but Baldauf punched him in the face three times or maybe more (Baldauf Dep. at 75 18-23), and that the punches were intended to be "substantial forces, otherwise they wouldn't work." (Baldauf Dep.at 11-24). The Professional Standards Section, which is the internal RPD section that investigates force incidents, never spoke with Baldauf about the incident, (Baldauf Dep. at 93:7-10), and to Baldauf's knowledge, never investigated the incident involving Mr. Ivery. (Baldauf Dep. at 98:14-17). Thus, the discovery exchanged in *Ivery* corroborates and supports the facts pleaded in support of plaintiff's *Monell* claims in the Amended Complaint.

Plaintiff Mr. Keene's municipal liability claims are detailed, specific, and pleaded with substantial factual support, unlike the boilerplate *Monell* allegations in Ivery's Answering Affidavit. Plaintiff is entitled to the opportunity to seek further evidence through discovery to prove these allegations, and to have a jury rule upon issues of credibility that can only be determined by the ultimate fact finder. The motion to dismiss should be denied in full.

Thank you for your time and attention in this matter.  If you require any further information or materials, please do not hesitate to contact me.

Respectfully Submitted,

~//s//~

Elliot Dolby Shields

cc:  Patrick Beath, Esq. (Via ECF)