# Roth & Roth, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

May 31, 2018

**VIA ECF**
Hon. Jonathan W. Feldman
United States Magistrate Judge
Western District of New York
2330 U.S. Courthouse
100 State Street
Rochester, New York 14614


Re:    *Keene v. City Of Rochester, et al.,* 17-cv-06708 (MAT)(JWF)

Dear Judge Feldman:

Please recall that I represent the plaintiff in the above matter. I write in opposition to defendants' May 25, 2018 letter requesting a conference to discuss plaintiff's subpoena to the Rochester Police Department (RPD), as the requested material is clearly relevant and because the City lacks standing to move to quash the subpoena directed to the non-party RPD.

Plaintiff's subpoena to the RPD seeks Body-Worn Camera footage of an incident that occurred on May 18, 2018, wherein plaintiff was falsely arrested and assaulted by several RPD officers on Genesee Street in Rochester, New York. Notably, the location of this subsequent incident is mere blocks from the location where the incident underlying this litigation occurred, wherein plaintiff was also falsely arrested and assaulted by multiple RPD officers inside of a laundromat on Genesee Street.

On May 24, 2018, pursuant to FRCP 45, your undersigned sent a copy of plaintiff's proposed subpoena to defendants' counsel. The following day, defendants' counsel emailed your undersigned and objected on the basis that the documents were irrelevant to the instant matter and that the RPD was a "party" to this litigation, so the proper discovery vehicle was FRCP 34.

I responded and explained that the requested records were clearly relevant under *City of Los Angeles* v. *Lyons*, 461 U.S. 95 (1983), which held that to have standing to pursue a claim for injunctive relief under 42 U.S.C. § 1983, the plaintiff must show that he will inevitably be subjected to the same constitutional deprivations as occurred in the incident sued upon. Here, plaintiff's First Amended Complaint seeks injunctive relief at paragraphs 101, 112, 288, 289, and in paragraph [c] of the wherefore clause on page 71. (Docket No. 5). Moreover, allegations of wrongdoing that post-date the incident at issue in the lawsuit are probative of a "pattern, intent, absence of mistake, etc." *Ismail* v. *Cohen*, 899 F.2d 183, 188 (2nd Cir. 1990) (upholding admission of evidence of police abuse that occurred subsequent to plaintiff's alleged event); *see McKenna* v.

*Incorporated Village of Northport*, 2007 WL 2071603, *8 (E.D.N.Y. July 13, 2007) (ordering production of complaints that post-date incident at issue); *Wisniewski* v. *Claffin*, 2007 WL 1120464, at *4-5 (E.D.N.Y. Apr. 16, 2007) (same); *Barrett* v. *City of New York*, 237 F.R.D. 39, 41 (E.D.N.Y. Oct. 11, 2011) (same); *Moore* v. *City of New York*, 2006 WL 1134146, at *1 (E.D.N.Y. Apr. 27, 2006)(same); *Montalvo* v. *Hutchinson*, 837 F.Supp. 576, 581 (S.D.N.Y. 1993) (same). Thus, the Body-Worn Camera footage is relevant to plaintiff's *Monell* claims and within the scope of FRCP 26.

Defendants' counsel also objects to plaintiff's proposed subpoena on the ground that the RPD is allegedly a "party" to the litigation, and so the request for said Body-Worn Camera footage should be made pursuant to Rule 34. Your undersigned explained to defendants' counsel that the RPD not a named defendant, and it is also a non-suable City agency. *Baez* v. *City of Rochester*, 2016 WL 3253896, at *2 (W.D.N.Y., 2016) ("Within this circuit it is proper to dismiss an agency as a non-suable entity where plaintiff has properly included the municipality."). Additionally, New York's Freedom of Information Law supports plaintiff's argument that the RPD is an agency of the City with an independent legal obligation to respond to document requests. PUB. OFF. L. § 86(3) ("'Agency' means any state or municipal department … performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature.); PUB. OFF. L. § 87(2) ("Each agency shall, in accordance with its published rules, make available for public inspection and copying all records," except where they fall under a specifically enumeration exemption from disclosure.). Thus, the RPD is not a party to this litigation, and plaintiff's subpoena is the proper discovery device to seek the Body-Worn Camera records from the RPD of his May 18, 2018 arrest and beating by several RPD officers.

Because the RPD is not a party to the litigation, the City lacks standing to move to quash the subpoena. *Langford* v. *Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975)("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.").

Thank you for your time and consideration of this letter. Should Your Honor require any additional information, please do not hesitate to have your clerks contact me.

Respectfully Submitted,

s/Elliot Dolby Shields____
Elliot Dolby Shields, Esq.
ROTH & ROTH, LLP
Attorneys for Plaintiff Quintin Keene
192 Lexington Avenue, Suite 802
New York, New York 10016
Ph: (212) 425-1020
eshields@rothandrothlaw.com

cc:     Patrick Beath (via ECF)